UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **GARY SIMS** | **CIVIL ACTION NO. 23-1641** |
| **VS.** | **SECTION P** |
| | **JUDGE S. MAURICE HICKS, JR.** |
| **SERGEANT ANDERSON, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Plaintiff Gary Sims, a prisoner at Caddo Correctional Center ("CCC") proceeding pro se and in forma pauperis, filed this proceeding on approximately November 20, 2023, under 42 U.S.C. § 1983. He names the following defendants: Sergeant Anderson, Commander Pharis, and Magistrate Judge Hornsby.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff claims that he was never allowed to proceed to Step 2 or Step 3 of the Administrative Remedy Procedure at CCC because Sergeant Anderson, the "ARP screening officer," rejected his appeals and Commander Pharis concurred with Anderson. [doc. # 1, p. 3]. Plaintiff maintains that because Anderson and Pharis impeded him from exhausting his administrative remedies at CCC, he was unable to successfully seek relief in federal court.

On approximately January 24, 2022, Plaintiff filed a lawsuit in the United States District Court, Western District of Louisiana, under 42 U.S.C. § 1983: *Gary Sims v. Sergeant Woods, et al.*, 5:22-cv-0225 (W.D. La. 2022). On March 16, 2022, Magistrate Judge Hornsby

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

recommended dismissing Plaintiff's complaint "without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a)." *Id.* at Doc. 7. On March 29, 2022, the district judge adopted the recommendation and dismissed Plaintiff's complaint without prejudice for failure to exhaust administrative remedies. *Id.* at Doc. 9.

Here, Plaintiff claims that Magistrate Judge Hornsby's recommendation constituted a "scam to dismiss Plaintiff['s] civil suit" because Plaintiff "specifically illustrate[d] he [could not] move forward to Step 2 or 3 because ARP Officer, Commander Pharis[,]" circumvented "the ARP System." [doc. # 1, p. 3]. Plaintiff adds, "This is a malicious act by defendants to dismiss Plaintiff's civil suits." *Id.*

For relief, Plaintiff seeks: (1) $250,000.00; (2) "His January 24, 2022 claim reinstated"; (3) "ARP Screening Officer removed from the position"; and (4) "to be able to go from Step 1 to Step 2 to Step 3 of the ARP system." [doc. # 1, p. 4].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Judicial Immunity**

Plaintiff challenges Magistrate Judge Hornsby's judicial opinion. Magistrate Judge

Hornsby is, however, immune from this lawsuit.

Judges are absolutely immune against an action for acts performed in their judicial capacities, "'even when such acts are . . . alleged to have been done maliciously or corruptly.'" *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222 (5th Cir. 1989) (*quoting Stump v. Sparkman,* 435 U.S. 349, 356 (1978)).

In *Ledet v. 15th Jud. Dist. Ct.*, 15 F.3d 181 (5th Cir. 1994), a plaintiff claimed that a federal judge "failed to provide him with a 'proper level of judicial review' of a civil action filed by him in the Western District of Louisiana against several officials of the State of Louisiana." The United States Court of Appeals, Fifth Circuit, observed: "Judges are absolutely immune from civil suit for actions taken within their judicial capacity. This immunity shields judges unless they act either in the clear absence of all jurisdiction over the subject matter or in a non-judicial capacity." *Id.* (internal citation omitted). Noting that the plaintiff did not allege that the federal judge acted in the absence of jurisdiction or in a non-judicial capacity, the Fifth Circuit concluded that the "district court properly dismissed the claims against" the federal judge. *Id.*; *see Price v. U.S.*, 823 F. App'x 275, 276 (5th Cir. 2020) ("Federal and Louisiana state court judges, though, are immune from suit for claims arising out of actions taken in their judicial capacity."); *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987) ("[F]ederal judges are absolutely immune from suit with respect to 'acts committed within their judicial jurisdiction.'") (quoted source omitted); *Butcher v. Guthrie*, 332 F. App'x 161, 161-62 (5th Cir. 2009) (finding a federal magistrate judge immune from suit where the plaintiff alleged that the magistrate mishandled "an earlier suit" yet did not allege that the judge acted in the clear absence of all jurisdiction).

Here, Magistrate Judge Hornsby's alleged action—ruling in Plaintiff's lawsuit—clearly

5

falls within Magistrate Judge Hornsby's judicial capacity,[3] and Plaintiff does not allege that Magistrate Judge Hornsby acted in the complete absence of all jurisdiction.[4] Plaintiff does allege malice, but as above judges are absolutely immune even when such acts are allegedly performed maliciously. *McAfee*, 884 F.2d at 222.

Accordingly, Magistrate Judge Hornsby is entitled to absolute judicial immunity, and the Court should therefore dismiss Plaintiff's claims against Magistrate Judge Hornsby.

### 3. Rejecting Grievances

Plaintiff claims that he was never allowed to proceed to Step 2 or Step 3 of the Administrative Remedy Procedure at CCC because Sergeant Anderson, the "ARP screening officer," rejected his appeals and Commander Pharis concurred with Anderson. [doc. # 1, p. 3]. Plaintiff maintains that because Anderson and Pharis impeded him from exhausting his administrative remedies at CCC, he was unable to successfully seek relief in federal court.

A prisoner, however, does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); *see Alexander v. Texas Dep't of Criminal Justice*, 2020 WL 826452, at *2 (5th Cir. Feb. 20, 2020) (affirming dismissal of a claim that grievances were mishandled or improperly denied because "prisoners have no due process rights in the inmate grievance process.").

In *Sandin v. Conner*, 515 U.S. 472, 475 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. *See Taylor v. Cockrell*,

---

[3] *See McAfee*, 884 F.2d at 222 ("The federal judges were performing a judicial function by ruling in McAfee's case and thus are absolutely immune . . . .").

[4] *See* U.S. CONST. ART. III, § 2, cl. 1; 28 U.S.C. § 636.

92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."). Here, accordingly, the Court should dismiss Plaintiff's claims.

**4. Access to Court**

Plaintiff is precluded/estopped from claiming that he lacked access to court because of Anderson and Pharis's actions (or inaction).[5]

"Issue preclusion, or collateral estoppel, prevents the same party from relitigating an issue when '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.'" *Matter of Westmoreland Coal Co.*, 968 F.3d 526, 532 (5th Cir. 2020) (quoting *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (en banc)). Complete identity of parties to the two suits is not required. *Sun v. U.S.*, 20 F.3d 1169 (5th Cir. 1994). When, as here, parties in the later proceeding were not parties in the first proceeding (i.e., when there is no mutuality), courts

---

[5] A federal court may raise the issue of collateral estoppel *sua sponte*. *Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.") (quoting *U.S. v. Sioux Nation*, 448 U.S. 371, 432 (1980)).

consider "whether there are special circumstances that would render preclusion inappropriate or unfair." *ETC Sunoco Holdings, L.L.C. v. U.S.*, 36 F.4th 646, 648 (5th Cir. 2022).[6]

In *Bailes v. U.S.*, 8 F. 3d 20 (5th Cir. 1993), a federal court held in a first suit that a prisoner-plaintiff failed to exhaust administrative remedies. The *Bailes* court held that the plaintiff was collaterally estopped from bringing a second federal suit claiming that prison officials prevented him from exhausting his remedies:

> Whether Bailes mailed or properly presented the claim to the Bureau of Prisons was an issue critical to the relief sought in both claims. . . . Bailes is doing no more than using a new FTCA suit to challenge a dismissed one.
>
> Bailes argues further that, because his previous FTCA claim was dismissed "without prejudice," collateral estoppel does not apply. This argument . . . is patently frivolous.
>
> The first claim was dismissed 'without prejudice to [Bailes's] right to *refile and exhaust* the proper administrative procedures, *subject to any applicable statute of limitations*.' (Emphasis added). The dismissal was not 'without prejudice' to the issue decided on the merits, i.e., that the filing in that case was not valid because the claim was not properly presented to the administrative agency. It is precisely that issue, together with the factual determinations required to determine it, that is subject to collateral estoppel in subsequent filings.

*Id.*

In Plaintiff's prior lawsuit, *Sims*, 5:22-cv-0225, the court adjudicated—and Plaintiff actually litigated—the identical exhaustion issue Plaintiff raises here: that officials impeded his efforts to exhaust his administrative remedies at the correctional center. In *Sims*, 5:22-cv-0225, at Doc 7, the magistrate judge opined that Plaintiff "failed to properly exhaust administrative remedies." Plaintiff objected, arguing *inter alia* that his grievances were rejected without appeal,

---

[6] Similarly, courts also consider the 'special circumstances' factor in cases of offensive issue preclusion, "when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Bradberry v. Jefferson Cty.*, 732 F.3d 540, 548 (5th Cir. 2013) (*quoting Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4 (1979)).

that prison officials prevented him from exhausting his administrative remedies, and that he "had no other alternative" than to file his federal lawsuit under Section 1983.[7] *Id.* at Doc. 8. In the prior suit, he had a 'full and fair opportunity' to litigate exhaustion and the availability of administrative remedies. *See Sun*, 20 F.3d at 1169.

The district judge in the prior proceeding considered Plaintiff's objection and then dismissed Plaintiff's claims for failure to exhaust administrative remedies. *Id.* at Doc. 9. Manifestly, the district judge's exhaustion determination in the prior suit was necessary to the decision. Finally, as in *Bailes*, there are no special circumstances present which would render preclusion inappropriate or unfair.[8] *See U.S. v. Stauffer Chem. Co.*, 464 U.S. 165, 169-70 (1984) (observing that there were no special circumstances where the prior action was closely aligned "in both time and subject matter" with the current action); *cf., Montana v. U.S.*, 440 U.S. 147, 153 (1979) (observing that special circumstances can exist where a "federal plaintiff" is forced to accept a state court's determination of federal constitutional claims).

Accordingly, Plaintiff is precluded from claiming that he lacked access to court. *See Butcher*, 332 F. App'x at 162 (finding, where a plaintiff alleged that federal judges "mishandled" his prior federal proceeding, that to the extent the plaintiff sought reinstatement of his prior

---

[7] Plaintiff had the incentive to litigate the exhaustion issue vigorously in the prior lawsuit, considering the magistrate judge's recommendation that Plaintiff's suit be dismissed for failure to exhaust his administrative remedies. *See McDuffie v. Estelle*, 935 F.2d 682, 685 (5th Cir. 1991) (observing, in a scenario not present here, that "one 'special circumstance' which would counsel against the application of offensive collateral estoppel would operate when the defendant did not have an incentive to litigate the issue vigorously in the prior proceeding.").

[8] Instead of filing the instant proceeding, Plaintiff's recourse for challenging a ruling in his prior lawsuit included, for example, objecting, moving to alter or amend the judgment, moving for relief from the judgment, or appealing.

lawsuit, he was "precluded from doing so."); *Lyons*, 834 F. 2d at 495. The Court should dismiss these claims.[9, 10]

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Gary Sims' claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state claims on which relief may be granted, and for seeking relief from a defendant immune from such relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

[9] Even assuming Plaintiff was not estopped/precluded, he does not state a plausible access-to-court claim. To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Christopher v. Harbury*, 536 U.S. 403, 417-18 (2002). Here, Plaintiff refers to his prior proceeding, but he does not identify any particular claim—as if it were being independently pursued—that he could not raise, that he raised and lost, or for which he could not obtain a remedy. *See Sanchez v. Stephens*, 689 F. App'x 797, 799 (5th Cir. 2017) ("His assertions that he has been hindered in presenting claims challenging his criminal conviction and prison disciplinary cases are conclusory. He fails to describe the claims with the particularity needed to evaluate whether they were nonfrivolous . . . .").

[10] Even assuming Plaintiff was not estopped, and even assuming further he stated a plausible access-to-court claim, the undersigned would find, absent any tolling not present now, that the statute of limitations bars his claims. The statute of limitations for Section 1983 actions is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia,* 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art. 3492, applies. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). The court dismissed Plaintiff's prior lawsuit on March 29, 2022. *Sims*, 5:22-cv-0225, at Doc. 9. Defendants Anderson and Pharis's actions or omissions allegedly occurred even earlier, before Plaintiff filed the prior lawsuit on approximately January 24, 2022. Plaintiff filed the instant proceeding on approximately November 14, 2023, at the earliest, well over one year after defendants' actions or omissions and thus beyond the statutory deadline. [doc. # 1, p. 4].

party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 8th day of January, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge

11